Gina BOYD; Richard Cowan; Jennifer Drake; Joshua Hon; Samuel Keller; Pamela Muelot; Mary Ann Ornelas; Deborah Reynolds–Smith; Craig Bague; Doris Regan; Catherine Hack; Denise Hernandez; Noreen Hernandez; Joe Torres, Plaintiffs—Appellees,

v.

CITY OF HERMOSA BEACH; Stephen Burrell; Michael Lavin; Lance Heard; Gaetano Lobue; Steve Saylor; Dorothy Scheid; Chris Alkadis, Defendants—Appellants.

v.

City Of Hermosa Beach; Stephen Burrell; Michael Lavin; Lance Heard; Gaetano Lobue; Steve Saylor; Dorothy Scheid; Chris Alkadis, Defendants,

and

Donavan Sellan, Defendant—Appellant.

Nos. 07–56572, 07–56681.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 4, 2009.

Filed April 1, 2009.

Olu K. Orange, Esquire, Orange Law Offices, Los Angeles, CA, Sanjukta M. Paul, Esquire, Hansell And Stormer, Dan Stormer, Esquire, Cornelia Dai, Esquire, Hadsell Stormer Keeny Richardson & Renick, LLP, Pasadena, CA, for Plaintiffs–Appellees.

Raymond Szu, Esquire, Lynberg and Watkins a Professional Corporation, Orange, CA, Frank S. Harrell, Esquire, Lynberg & Watkins, for Defendants–Appellants.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: O'SCANNLAIN, RYMER, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Hermosa Beach police officers appeal the district court's denial of their motions for summary judgment based upon qualified immunity. The facts are known to the parties and need not be repeated here, except as necessary to explain our decision.

### I

We lack jurisdiction to review the district court's denial of qualified immunity to the officers regarding the events at the Vons store because the officers raise only questions of evidentiary sufficiency rather than issues of law. *See Johnson v. Jones,* 515 U.S. 304, 313, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995). Whether and to what extent the officers "personally participated" in the alleged restrictions on picketing involves a non-appealable weighing of the evidence rather than an appealable legal question.

In any event, the picketers have raised a genuine issue of material fact regarding whether the named defendants were personally involved by identifying call dispatch logs and strike pay logs placing named defendants at the Vons at the same time as picketers who testified to daily oppressive police tactics. The picketers adduce additional evidence that Sergeant Heard refused to take police reports from picketers; that Officer Alkadis admitted to confiscating a picketer's bullhorn; and that Officer Saylor directed a

picketer to get away from a customer. In No. 07–56681, testimony shows that Sellan visited the Vons store at least eleven times and honked his horn at picketers. Therefore, this is not a case in which one side's version of events is "blatantly contradicted by the record." *Scott v. Harris,* 550 U.S. 372, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007). Whether the picketers will prevail, of course, will depend upon the results at trial.

## II

■ The district court erred, however, in denying qualified immunity to the officers regarding Hon's false arrest claim because the officers had probable cause to arrest Hon based upon his violation of Section 148 of the California Penal Code. *See* Cal.Penal Code § 148(a)(1) ("Every person who willfully resists, delays, or obstructs any public officer ... in the discharge or attempt to discharge any duty of his or her office or employment ... [shall be punished]."). Although we are mindful that refusing to obey a police officer's orders is a violation of section 148 only if such orders are lawful, *see Smith v. City of Hemet,* 394 F.3d 689, 695 (9th Cir.2005) (en banc), we note that the district court expressly concluded that the officers' "refusal to permit Plaintiffs to remain on the police station premises was not unreasonable." [1] At minimum, a reasonable officer under the circumstances as alleged and evidenced by the picketers could have concluded that there was probable cause to arrest Hon. *See Wilson v. Layne,* 526 U.S. 603, 614–15, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999). We reverse and remand with instructions to grant the officers' motion for summary judgment on this issue.

## III

■ The district court did not err in denying qualified immunity to Sergeant Heard on picketer Jennifer Drake's excessive force claim. Viewing the alleged facts and submitted evidence in the light most favorable to the picketers, as we must, we are persuaded that a reasonable officer would know "that his conduct was unlawful in the situation he confronted." *Estate of Ford v. Ramirez–Palmer,* 301 F.3d 1043, 1050 (9th Cir.2002) (internal quotation marks omitted). According to Drake, Sergeant Heard pushed her twice, even though she was not committing any dangerous crime, did not pose any threat to the officers, was not resisting arrest, and was not attempting to flee. *See Tekle v. United States,* 511 F.3d 839, 844–48 (9th Cir.2007). Our precedent confirms that a use of force is unreasonable if the need for it is negligible or non-existent, as Drake's allegations and evidence make this situation appear. *See, e.g., Santos v. Gates,* 287 F.3d 846, 853 (9th Cir.2002). Again, whether Drake will ultimately prevail will depend upon the results of trial.

## IV

■ We lack jurisdiction to review Officer Sellan's claim that two of the picketers do not have standing to pursue their First Amendment claims. "Our interlocutory review of the denial of qualified immunity in this case is limited to the narrow question whether the allegations indicate the Defendant[ ] violated [ ] clearly established constitutional rights." *See Eng v. Cooley,* 552 F.3d 1062, 1068 (9th Cir.2009). Nor

---

1. At oral argument, picketers' counsel claimed that the district judge's order referred only to the interior of the police station rather than to the exterior. That assertion is plainly inaccurate. The district court's order refers to the "exterior grounds" of a police station in addition to the interior space.

may we review the claim by exercising our pendent jurisdiction. *See Abney v. United States,* 431 U.S. 651, 663, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) (holding that pendent claims, if raised together with an appealable collateral order, "are appealable if, and only if, they too fall within [the] collateral-order exception to the final-judgment rule"). For the same reasons, we lack jurisdiction to review Sellan's state law claims.

### V

Appeal No. 07–56572 is DISMISSED in part, AFFIRMED in part, and REVERSED and REMANDED in part. No. 07–56681 is DISMISSED in its entirety.

WARDLAW, Circuit Judge, concurring in part and dissenting in part:

I am pleased to concur in the disposition, except as to Part II. I respectfully dissent from Part II because genuine issues of material fact remain as to whether the officers had probable cause to arrest Hon for a violation of California Penal Code section 148(a). It is undisputed that Hon heard the order to disperse, and lingered momentarily on the station premises to question the officer's order. However, Hon's questioning of the police officer is protected by the First Amendment. *See People v. Quiroga,* 16 Cal.App.4th 961, 20 Cal.Rptr.2d 446, 448 (Ct.App.1993) (citing *Houston v. Hill,* 482 U.S. 451, 461, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987)). The California Courts of Appeal have also held that "it surely cannot be supposed that Penal Code section 148 criminalizes a person's failure to respond with alacrity to police orders." *Id.* I therefore would also

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

affirm the district court's denial of summary judgment on this ground.